IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CERTIFIED LABORATORIES, a division of NCH CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-mc-60-K-BN |
| | § | |
| MOMAR, INC., | § | |
| | § | |
| Defendant. | § | |

**MOMAR, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE**

COMES NOW, Momar, Inc. ("Momar"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 72.2, and hereby submits its Response to Plaintiff's Objections to the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (Doc. 13).

In its Findings, Conclusions, and Recommendations (Doc. 10), the Magistrate Judge appropriately ruled that the Application to Enforce Arbitration Subpoenas served by Plaintiff, Certified Laboratories, a division of NCH Corporation ("NCH"), on Momar should be denied. Specifically, the Magistrate Judge correctly concluded that NCH's subpoenas seeking testimony and documents at the pending arbitration hearing were unenforceable under Section 7 of the Federal Arbitration Act, 9 U.S.C. § 7, and Rule 45 of the Federal Rules of Civil Procedure. *See* Doc. 10 at 12-17 (discussing, *inter alia*, *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1160 (11th Cir. 2019) and *Broumand v. Joseph*, 522 F. Supp. 3d 8, 17 (S.D.N.Y. 2021)). This Court should affirm that ruling.

**ARGUMENT AND CITATIONS TO AUTHORITY**

**I. Legal Standard for Report and Recommendation**

The Findings, Conclusions, and Recommendations of the United States Magistrate Judge are subject to *de novo* review. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991).

**II. The Subpoenas Fail to Comply With Section 7 of the FAA and Rule 45**

The Magistrate Judge properly concluded that the subpoenas at issue are unenforceable under Section 7 of the Federal Arbitration Act ("FAA") and Rule 45 of the Federal Rules of Civil Procedure. (Doc. 10 at 12-17). In a thorough opinion, the Magistrate Judge followed the rulings of the Eleventh Circuit and the Second Circuit and held that: i) Section 7 of the FAA, which grants the arbitrator the power to "summon . . . any person to *attend before them*," 9 U.S.C. § 7 (emphasis added), requires the physical presence of the subpoenaed party before the arbitrator, and thus an arbitrator may not compel a witness to appear via videoconference when they are otherwise outside of Rule 45's 100-mile radius; and ii) the arbitrator may not compel the production of documents in advance of the hearing, given that pre-hearing discovery from a non-party is not contemplated under the FAA. (*Id.*) This Court should affirm and adopt that ruling.

In its Objections, NCH concedes that courts in the Fifth Circuit have followed the reasoning of *Broumand* and *Managed Care* (Doc. 13 at 8-9), but nevertheless argues that this Court should follow the approach of the Eighth Circuit in *In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 871 (8th Cir. 2000).[1] As an initial matter, the Eighth Circuit's decision in the *Security Life* case was limited to the question of whether the court had the power to enforce an arbitral subpoena for *documents*

[1] As noted in *Managed Care*, the Second, Third, Fourth, Ninth, and, with the *Managed Care* decision, the Eleventh Circuit, all "[h]old that the plain language of the statute is unambiguous in requiring witnesses to appear before an arbitrator and bring any documents with them, thus prohibiting pre-hearing discovery from non-parties." 939 F.3d at 1159.

against a non-party—not the separate question of whether a non-party witness outside of Rule 45's 100-mile radius could be compelled to testify at an arbitration hearing, which the Eighth Circuit described as a "thorny question indeed." *Id.* at 872.

NCH asserts that "district courts in the Fifth Circuit have also sided, at least in part, with the Eighth Circuit's approach and authorized pre-hearing discovery," (Doc. 13 at 9) and cites to an unpublished decision from Louisiana, *In re Meridian Bulk Carriers, Ltd.*, No. 03-2011, 2003 WL 23181011, at *2 (E.D. La. July 17, 2003). But the court in *Meridian* relied upon a Southern District of New York case in holding that pre-hearing discovery was permissible under Section 7—a decision that the Second Circuit later reversed, in holding that pre–hearing discovery is <u>not</u> permitted from a non-party to an arbitration proceeding. *See Integrity Ins. Co. v. American Centennial Ins. Co.,* 885 F. Supp. 69, 72 (S.D.N.Y. 1995), *abrogated by Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 212 (2d Cir. 2008).

Setting aside the lack of binding legal authority for NCH's position, NCH's arguments in favor of enforcing the subpoenas—in this case, against an out-of-state non-party, on the eve of the arbitration hearing—are unavailing.

First, NCH contends that the Magistrate Judge's approach would have required NCH to set a "mini-hearing" prior to the arbitration in order to compel Momar's appearance and production of documents, rather than "wait[ing]" and issuing a subpoena *duces tecum*, as NCH did here. (Doc. 13 at 7, 10). Yet NCH chose the latter course: allowing the arbitration to proceed against Phillips for approximately *a full year* before submitting its hearing subpoenas to the Arbitrator for enforcement. As NCH notes, it could have attempted to "subpoena[] Momar's testimony and documents in the due course of discovery." (Doc. 13 at 10). It did not, instead propounding an

overbroad subpoena on the eve of the arbitration hearing. Momar is not responsible for NCH's lack of diligence in pursuing the evidence NCH seeks sooner than it did.

Second, while conceding that Section 7 incorporates Rule 45 and its 100-mile requirement, *id.* at 11, NCH asserts that "remote depositions and testimony" are "commonplace . . . especially now in light of the COVID-19 pandemic." *Id.* But there is no pandemic exception to Section 7 or Rule 45—and the district court in *Broumand* rejected this very argument. *Broumand*, 522 F. Supp. 3d at 25 ("However valid petitioner's policy concerns may arguably be, they cannot trump the plain meaning of Section 7 of the FAA . . . [A]llowing video testimony would undermine the purpose of the presence requirement."). Amending the FAA requires an act of Congress, not a subpoena enforcement action. As the Magistrate Judge properly found, Momar, headquartered in Atlanta, is outside of the 100-mile radius of Rule 45 and thus cannot be compelled to testify at the arbitration hearing.[2] Allowing virtual testimony would circumvent the plain language and intent of Section 7 and Rule 45. A contrary ruling—requiring Momar's attendance at a Texas arbitration hearing when it is not a party to the arbitration and is outside of the 100-mile radius—would grant arbitrators greater power to compel attendance than a district court would have under Rule 45.

Third, as to the requested documents, NCH argues that its subpoena does not violate Section 7 because the statute allows an arbitrator to compel a party to "bring with him or them any . . . document" when they are compelled to testify at a hearing. (Doc. 13 at 14). But the language of Section 7 undermines NCH's own argument: the FAA contemplates having a party "bring [documents] with him" to the arbitration—not to produce them beforehand, which is impermissible

---

[2] NCH asserts, without support, that Momar "regularly transacts business in person within 100 miles of the place of compliance," and notes that Momar's registered agent is close in proximity to NCH's counsel's office. (Doc. 13 at 15). But the location of Momar's registered agent, standing alone, does not demonstrate that Momar "regularly conducts business" in Dallas. NCH's authority is inapposite: in *FTC* the evidence showed that the respondent "conduct[ed] business in Philadelphia and the surrounding area," employed individuals in the vicinity, and owned and operated a hospital in Philadelphia. *FTC v. Thomas Jefferson Univ.*, No. CV-20-01113, 2020 WL 4347371, at *2 (E.D. Pa. July 29, 2020). Other than NCH's conclusory allegations, there is no such evidence here.

pre-hearing discovery—and thus, if the party is not physically present in the forum and cannot be compelled to attend under Rule 45, the party similarly cannot be compelled to produce documents at the arbitration hearing.

NCH complains that the Magistrate Judge's ruling leaves NCH with "no good options" and defeats the FAA's goal of "efficient resolution of disputes through arbitration." (Doc. 13 at 9-10). But this outcome is the result of NCH's own decision-making—namely, to subject its employees like Mr. Phillips to binding arbitration rather than judicial disposition, to agree to the narrower discovery procedures contemplated by the AAA rules, to pursue an action solely against Mr. Phillips rather than Momar, and to wait until the eve of the arbitration hearing before attempting to compel Momar's attendance at the hearing. Momar did not agree to arbitrate any disputes in Texas or to be bound by the jurisdiction of the AAA; it likewise should not be obligated to testify and produce documents in an arbitration hearing in which it is not a party.

For all of these reasons, the Magistrate Judge correctly concluded that the subpoenas are unenforceable under Section 7 of the FAA and Rule 45, and the ruling denying the subpoenas should be adopted and affirmed.

## CONCLUSION

For the foregoing reasons, Momar respectfully requests that the Court deny NCH's Application to Enforce Subpoenas, both due to a lack of subject matter jurisdiction[3] as well as the fact that the subpoenas are unenforceable under Section 7 of the FAA and Rule 45 of the Federal Rules of Civil Procedure. To the extent it would be helpful to the Court, Momar respectfully requests a hearing on this matter and has previously filed a request for hearing. *See* Doc. 20.

---

[3] Momar's arguments concerning the jurisdictional defects contained in NCH's Application are contained in Momar's separately-filed Objection to the Findings, Conclusions, and Recommendations of the United States Magistrate Judge. *See* Doc. 17.

Respectfully submitted this the 9th of September, 2022.

*/s/ Benjamin T. Pendroff*
Benjamin T. Pendroff
State Bar No. 24094893
bpendroff@btlaw.com
BARNES & THORNBURG LLP
2121 N. Pearl St., Suite 700
Dallas, Texas 75201
Tel.: (214) 258-4200
Fax: (214) 258-4199

***Attorney for Defendant Momar, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 9, 2022, the foregoing document was filed electronically in compliance with the Federal Rules of Civil Procedure and all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Benjamin T. Pendroff*
Benjamin T. Pendroff